UNITED STATES of America, Plaintiff,

v.

Donald R. LEGAN and Leone Legan, Defendants.

No. 91–10069.

United States District Court, C.D. Illinois.

April 17, 1992.

John H. Campbell, Asst. U.S. Atty., Peoria, Ill., for plaintiff.

Joseph Napoli, Peoria, Ill., Royal B. Martin, Martin, Brown, Sullivan & Bowman, Chicago, Ill., for defendants.

ORDER

McDADE, District Judge.

This case came before the Court on April 10, 1992, for hearing on all pending pretrial motions. The motion of Defendant Leone Legan to compel discovery was denied at that time. Defendant's Motion for Bill of Particulars and Motion to Sever were taken under advisement. Having considered the response of the Government, IT IS NOW ORDERED that the Motion for Bill of Particulars is denied except that (1) the Government shall provide Defendant with the identification of which type of deductions are considered to be false on the

income tax returns for 1985 and 1986; (2) the general nature of the "other affirmative acts" the Government intends to introduce at trial to show intent, knowledge, motive, or absence or mistake under Fed. R.Evid. 404(b).

IT IS FURTHER ORDERED that the motion of Defendant Leone Legan for severance is denied. *United States v. Harris,* 542 F.2d 1283 (7th Cir.1976) lists several factors to consider in ruling on a motion to sever based upon the need for a codefendant's testimony. The timeliness of the request for severance is not challenged. Concededly, the proposed testimony of Mr. Legan that he solely prepared the 1985 and 1986 joint tax returns and that Mrs. Legan never reviewed the returns or their contents would be helpful testimony on her behalf, particularly in the situation where she intends to exercise her Fifth Amendment rights (see page 5 of Memorandum of Law in Support of Motion for Severance). However, this testimony does not necessarily exculpate Mrs. Legan. Mr. Legan's affidavit does not deny that the tax returns were signed by Mrs. Legan nor does it negate any circumstantial evidence that may be offered by the Government that she was aware of the contents of the returns or otherwise accountable for the acts of Mr. Legan. The credibility of Mr. Legan's proposed testimony is suspect since it does not inculpate him. He does not admit to any culpable acts in his attempted exculpation of his wife; his proposed testimony does not contravene his own penal interests. *United States v. Johnson,* 713 F.2d 633 (11th Cir.1983). Additionally, both the Government and Defendant indicate that there may be other evidence presented or available at trial suggesting that Mrs. Legan did not sign one or both of the tax returns, thereby lessening the critical need for Mr. Legan's corroborating testimony on this issue.

Defendant Leone has not shown to the Court's satisfaction that Mr. Legan would in fact testify at a separate trial. To the contrary, Mr. Legan expressly conditions his testimony upon his being tried before the trial of Mrs. Legan. Therefore unless he is tried first, he will not testify at a separate trial of his wife. It seems inappropriate to allow a motion for severance to be employed so as to grant to either of the defendants any advantage that they would not have enjoyed but for the joint Indictment. To do otherwise gives the appearance of allowing the defendants to "play games" and to stage manage the Court's trial docket. *United States v. Gay,* 567 F.2d 916 (9th Cir.1978). The Second Circuit in *United States v. Bari,* 750 F.2d 1169, 1177 (2nd Cir.1984) concluded that such a conditional offer by a codefendant "smacks of bad faith."

The proposed testimony of Mr. Legan would certainly be of benefit to Mrs. Legan and better her chances of acquittal, but this is insufficient to compel severance. She must show that a failure to sever the trial would render a joint trial fundamentally unfair since she would be without Mr. Legan's testimony tending to exculpate her. In light of the above discussion of the significance of Mr. Legan's testimony, the Court does not believe that requiring a joint trial would sufficiently prejudice Mrs. Legan so as to deny her a fair trial. Additionally, any prejudice resulting to her would have to be counterbalanced by the Government's valid interest in avoiding duplicate trials. There is a long recognized presumption in favor of conducting a joint trial for persons who have been jointly indicted, and particularly where a crime may be proven against all the defendants by the same evidence and which results from the same or a similar series of acts. *United States v. Caliendo,* 910 F.2d 429 (7th Cir.1990); *United States v. Echeles,* 352 F.2d 892 (7th Cir.1965).

The Court must balance or weigh the needs of the Defendant for Mr. Legan's testimony and the extent of the prejudice to her by its absence against the effect of severance on judicial economy and the administration of justice. *United States v. Rivera,* 825 F.2d 152 (7th Cir.1987). The Government has indicated it has approximately 160 possible witnesses in its case against the defendants. Severance would require duplication of a long and complex

trial and an unnecessary expenditure of scarce judicial and government resources.